

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,780-01

**EX PARTE BRANDON KEITH ALEXANDER, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 2008F00128-A IN THE 5th DISTRICT COURT FROM CASS COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault of a child under fourteen and sentenced to sixty years' imprisonment. The Sixth Court of Appeals affirmed his conviction. *Alexander v. State*, No. 06-10-00053-CR (Tex. App.—Texarkana Dec. 9, 2010) (not designated for publication).

Applicant contends, among other things, that his trial counsel rendered ineffective assistance because he erroneously advised Applicant, as it pertained to his decision to reject a plea offer of twenty-five years, that the trial court had the "option and availability to give him community

supervision/probation," and that he would be eligible for release to parole. Applicant further alleges counsel gave him the same erroneous advice when he later advised Applicant to waive his right to a jury at punishment. Last, Applicant alleges counsel rendered ineffective assistance at sentencing when he failed to argue that Applicant's young age and ineligibility for parole should be considered as mitigating factors in the trial court's assessment of punishment.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed:  August 22, 2018
Do not publish